

# NUMBER 13-17-00226-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARTIN VAZQUEZ GUTIERREZ,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

### On Appeal from the 22nd District Court
### of Hays County, Texas.

---

# ORDER OF ABATEMENT

### Before Chief Justice Valdez, and Justices Contreras and Benavides
### Order Per Curiam

Appellant, Martin Vazquez Gutierrez, has filed a notice of appeal with this Court

from his conviction in trial court cause number CR-16-0239.[1]  The trial court's certification

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 C.S.).

of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On August 31, 2017, we ordered appellant's counsel, Gary E. Prust, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4. Counsel requested an extension of time to file a response which was granted by this Court until December 20, 2017.

No response to this Court's order has been received. Therefore, we abate this appeal and remand this cause to the trial court for a hearing to determine why counsel has failed to comply with this Court's order. The trial court's findings and conclusions shall be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and reporter's record, if any, with the Clerk of this Court within thirty days of the date of this order.

If the trial court determines that counsel is unable to represent appellant in this matter, the trial court shall conduct a hearing to determine whether appellant desires to prosecute the appeal, whether appellant is indigent, and whether appellant is entitled to appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. Should the trial court find that appellant desires to pursue this appeal, is indigent, and is entitled to appointed counsel, the trial court shall appoint counsel. If counsel is appointed, the name, address, email address, telephone number, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of January, 2018.